E. L. HARRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8215.    Promulgated January 10, 1927.

The petitioner filed his return for the year 1923. Later, under the circumstances set forth in the findings of fact, he filed an amended return on which was shown an amount of tax in excess of the amount shown on the original return. The Commissioner determined a deficiency in the amount of the excess and the petitioner appealed. The Commissioner moved to dismiss upon the ground that he had not determined a deficiency and that therefore the Board had no jurisdiction. *Held*, that inasmuch as the Commissioner had determined a total tax liability in excess of the amount shown on the original return to be due, there was a deficiency and that the Board had jurisdiction.

*E. L. Harris* pro se.
*B. H. Saunders, Esq.*, for the respondent.

This proceeding came on for hearing on the Commissioner's motion to dismiss for lack of jurisdiction upon the ground that a deficiency has not been determined.

### FINDINGS OF FACT.

The petitioner is an individual residing in Seminole County, Oklahoma, and doing business in the town of Wewoka. On March 15, 1924, he filed with the collector of internal revenue for the district of Oklahoma his income-tax return for 1923, showing a tax of $108.81. Subsequently, and in the same year, his books were examined by a Mr. Spralls, a revenue agent, working as a member of a group called "the oil squad." Spralls prepared an amended return showing additional tax due in the amount of $6,227.77, and presented it to the petitioner for his signature. The petitioner consented to all of the adjustments shown on the form prepared by Spralls, except one which increased by the amount of $35,000 the profit previously reported from the sale of certain oil and gas leases. Spralls refused to recede from his position, and the petitioner signed the form as requested, believing that there was no alternative and that it was necesary to sign in order to save himself from a heavy penalty on that portion of the tax admitted by him to be due. He was under the impression that the only effect of his signing the form prepared by Spralls would be the transfer of his case to the office of the Commissioner in Washington.

On August 28, 1925, a registered letter reading in part as follows was mailed to the petitioner:

IT : PA : 2–60–D   RO'L : 203

AUGUST 28, 1925.

Mr. E. L. HARRIS,
　　*Wewoka, Oklahoma.*

SIR: The determination of your income tax liability for the taxable year 1923, as set forth in office letter dated February 10, 1925, disclosed a deficiency in tax amounting to $6,227.77.

In accordance with the provisions of Section 274 of the Revenue Act of 1924, you are allowed 60 days from the date of mailing of this letter within which to file an appeal to the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination.

Where a taxpayer has been given an opportunity to appeal to the United States Board of Tax Appeals and has not done so within the 60 days prescribed and an assessment has been made, or where a taxpayer has appealed and an assessment in accordance with the final decision on such appeal has been made, no claim in abatement in respect of any part of the deficiency will be entertained.

*If you acquiesce in this determination and do not desire to file an appeal,* you are requested to sign the inclosed agreement consenting to the assessment of the deficiency and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT: PA: 2–60–D, RO'L: 203. In the event that you acquiesce in a part of the determination, the agreement should be executed with respect to the items agreed to.

Respectfully,

D. H. BLAIR, *Commissioner.*

By: ———— ————),

*Deputy Commissioner.*

Inclosures: Statements. Agreement—Form A. Form 882.

On October 10, 1925, the petitioner filed his appeal with the Board, alleging error on the part of the Commissioner in determining a deficiency by increasing his net income in the amount of $35,000, referred to above, and on December 11, 1925, the Commissioner filed an answer to the merits of the petition. Subsequently, on February 20, 1926, the motion now under consideration was filed.

OPINION.

GREEN: This appeal was heard on the Commissioner's motion to withdraw his answer filed December 11, 1925, and to dismiss the appeal for lack of jurisdiction. It is the contention of the Commissioner that the petitioner on or about October 27, 1924, filed an amended return for 1923; that the tax of which the petitioner was notified by the letter of August 28, 1925, is admitted on the return as amended; and that the tax so admitted is not a deficiency within the meaning of section 273 of the Revenue Act of 1924.

We have heretofore held that the original return is the return required by law and that there is no statutory authority for the making or acceptance of an amended return. *Appeal of National Refining Co.*, 1 B. T. A. 236; *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517. The return referred to in section 273 of the Revenue Act of 1924 is the original return—the return which starts the tolling of the statute.

On these facts, it appears that the Commissioner has determined that the correct amount of the tax is in excess of the tax admitted to be due by the taxpayer on his return, and under section 273 of the Revenue Act of 1924 such excess, no adjustments having been previously made, is a deficiency. The motion of the Commissioner is denied and the appeal is restored to the general calendar for hearing in due course.